IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CINDY HANNAH )
)
v. ) NO. 3-14-1774
) JUDGE CAMPBELL
UNITED PARCEL SERVICE, INC. )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss (Docket No. 10). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff sued her former employer, Defendant UPS, for discrimination, retaliation and failure to accommodate in violation of the Tennessee Disability Act ("TDA"), Tenn. Code Ann. § 8-50-103, *et seq.* Plaintiff alleges that Defendant perceived or regarded her as having a disability of addiction and substance abuse problem within the meaning of the TDA.[1] Plaintiff contends that Defendant discriminated against her because of her perceived handicap by terminating her employment.

Defendant argues that Plaintiff's Complaint must be dismissed because addiction and substance abuse are not "disabilities" within the meaning of the TDA.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

---

[1] Plaintiff's Complaint cites Tenn. Code Ann. § 8-50-103 and § 4-21-102(9)(A)(iii). There is no Section 4-24-102(9)(A)(iii), so the Court is unclear upon which statute in the Tennessee Human Rights Act Plaintiff intended to rely.

plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## TENNESSEE DISABILITY ACT

Tennessee law prohibits discrimination in the hiring, firing, and other terms and conditions of employment of any private employer based solely upon any physical, mental or visual disability of the person, unless such disability to some degree prevents the employee from performing the duties required by the employment or impairs the performance of the work involved. Tenn. Code Ann. § 8-50-103(b).

To establish a claim of discrimination under the TDA, a plaintiff must show: (1) that she was qualified for the position; (2) that she was disabled; and (3) that she suffered an adverse employment action because of that disability. *Smith v. HCA, Inc.*, 2007 WL 34904 at * 3 (M.D. Tenn. Jan. 3, 2007). With regard to the second element, that the employee be "disabled," the TDA embodies the definitions contained in the Tennessee Human Rights Act ("THRA"). *Id.* The THRA specifically excludes "current, illegal use of, or addiction to, a controlled substance or controlled substance analogue." Tenn. Code Ann. § 4-12-102(3)(B).

Plaintiff argues that Defendant regarded her as having the disability of alcoholism and/or substance abuse. Although it is true that the THRA defines "disabled" as including individuals who are perceived or regarded as being disabled, the same definition of "disabled" would apply. In other words, even if Defendant regarded Plaintiff as having an alcohol or substance abuse problem, that problem is not a disability within the meaning of the TDA.

Plaintiff maintains that the TDA excludes only *current* alcoholism or substance abuse. This argument is not persuasive, since the "regarded as" section of the disability definition does not depend upon whether the Plaintiff is currently disabled; the "regarded as" section of the disability definition applies where the employer regards the employee as disabled even when the employee is *not* disabled. Tenn. Code Ann. § 4-21-102(3)(A)(iii).

The cases cited by Plaintiff in support of her position are cases brought pursuant to the Americans with Disabilities Act ("ADA"). Although the courts have held that, generally, Tennessee courts look to the ADA for guidance in enforcing the TDA (*see, e.g., Smith* at * 3), it is also clear that the Tennessee courts are neither bound by nor restricted by federal law when interpreting Tennessee's own anti-discrimination laws. *Booker v. The Boeing Co.*, 188 S.W.3d 639, 647 (Tenn. 2007). Therefore, Tennessee courts do not apply the reasoning and conclusions of federal civil rights decisions where doing so would conflict with the THRA. *Id.*

The ADA does not exclude use of or addiction to controlled substances from the definition of "disability." To interpret the TDA and THRA through ADA cases on this point, therefore, would clearly conflict with the THRA.

Accordingly, because Plaintiff cannot establish the threshold element for a TDA claim, that she is "disabled" within the meaning of the TDA/THRA, her claims (retaliation and failure to accommodate, as well as discrimination claims, require that the person be "disabled.") be dismissed.

CONCLUSION

For these reasons, Defendant's Motion to Dismiss (Docket No. 10) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE